Electronically Filed - St Louis County - November 23, 2021 - 09:22 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

FRANK HAUSMAN

    Plaintiff

v.

MATTHEW HEUSER
Serve at:
2103 Kennland Blvd.
Louisville, KY 40223

    Defendant

Case No.

## PETITION

COMES NOW Plaintiff, by and through counsel, and states the following for his causes of action against Defendant:

### PARTIES

1. Plaintiff Frank Hausman is an individual and resident of Florida.

2. Plaintiff Frank Hausman is the brother of the decedent William Hausman ("William"), and he is a surviving member and the representative of the class entitled to bring a claim under R.S.Mo § 537.080.1(2) for the wrongful death of William.

3. Russ Hausman is the brother of William, and he is a surviving member of the class entitled to bring a claim under R.S.Mo § 537.080.1(2) for the wrongful death of William.

4. Elizabeth Felton is the sister of William, and she is a surviving member of the class entitled to bring a claim under R.S.Mo § 537.080.1(2) for the wrongful death of William.

5. The individuals listed above constitute Class II claimants pursuant to R.S.Mo. Sec. 537.080 (the "wrongful death class") and each have received actual notice of these proceedings.

Exhibit A

No other individuals are entitled to recover damages for the death of William pursuant to R.S.Mo. § 537.080.1.

6. Defendant Matthew Heuser is an individual and resident of Louisville, Kentucky.

### JURISDICTION AND VENUE

7. That jurisdiction is proper in this Court pursuant to R.S.Mo § 506.500 in that the Plaintiff's causes of action arise out of the Defendant committing tortious acts within the State of Missouri.

8. That venue is proper in this Court pursuant to R.S.Mo § 508.010, in that the Plaintiff was first injured due to the wrongful acts and or negligent conduct of the Defendant in St. Louis County, Missouri because the decedent was first injured in St. Louis County.

### COMMON FACTS

9. On or about November 11, 2020, at approximately 8:52 a.m., William was operating his vehicle, traveling northbound on I-70 south of Olive Boulevard.

10. On or about the above-described date and time, Defendant was operating a vehicle, traveling northbound on I-70 south of Olive Boulevard.

11. That I-70 is a public thoroughfare in St. Louis County, Missouri.

12. That on or about the above-described date and time, the Defendant changed lanes to exit I-70 at Olive Boulevard.

13. That the Defendant then crashed into the rear of William's vehicle.

14. On or about the above-described date and time, the Defendant operated his vehicle in a way that caused a collision with William's vehicle.

15. That Defendant drove his vehicle carelessly and negligently and caused a collision that had sufficient force to cause serious injuries and death to William.

16. As a direct and proximate result of the collision caused by the Defendant's negligence, William sustained severe personal injuries and died.

17. As a direct and proximate result of the collision caused by the Defendant's negligence, William sustained medical expenses, and the wrongful death class is entitled to recover for such damages.

18. As a direct and proximate result of the collision caused by the Defendant's negligence, William sustained a loss of income, and the wrongful death class is entitled to recover for such damages.

19. As a direct and proximate result of the collision caused by the Defendant's negligence, William suffered conscious pain and suffering prior to his death and suffered fright and terror and emotional distress prior to, during, and after the collision, and the wrongful death class is entitled to recover for such damages.

20. As a direct and proximate result of the collision caused by the Defendant's negligence, the wrongful death class has suffered and will suffer in the future pecuniary damages resulting from the death of William.

21. As a direct and proximate result of the collision caused by the Defendant's negligence, the wrongful death class has incurred funeral expenses.

22. As a direct and proximate result of the collision caused by the Defendant's negligence, the wrongful death class has suffered and will suffer in the future loss of the reasonable

value of William's consortium, services, companionship, comfort, instruction, guidance, counsel, training, and support.

### COUNT I: NEGLIGENCE

23. The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

24. That Defendant had a duty to exercise the highest degree of care and operate his vehicle in a careful and prudent manner so as not to endanger William and or the motoring public.

25. That Defendant failed to exercise the highest degree of care in the operation of his vehicle and was negligent in, among other ways, one or more of the following ways:

   a. Defendant's automobile came into collision with the rear of William's automobile;

   b. Defendant failed to yield the right-of-way;

   c. Defendant was following William's automobile too closely;

   d. Defendant drove at an excessive speed;

   e. Defendant failed to keep a careful lookout;

   f. Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or any combination thereof, but Defendant failed to do so; and or

   g. Defendant negligently caused a crash with the William's vehicle.

26. That the above and foregoing negligence was the proximate cause of the collision between the vehicle operated by the Defendant and the vehicle being operated by William.

27. That as a direct and proximate result of one or more of the Defendant's negligent actions and or omissions, as particularly set forth above, the Plaintiff and the wrongful death class sustained damages and injuries as described in Paragraphs 16 through 22 of this Petition.

### COUNT II: NEGLIGENCE PER SE

28. The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

29. The Defendant was negligent *per se* and violated certain Missouri statutes in one or more of the following ways:

   a. In failing to drive his vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property or life of another in violation of R.S.Mo § 304.012;

   b. In failing to exercise the highest degree of care in violation of R.S.Mo § 304.012; and or

   c. Failing to follow another vehicle at a distance that is reasonably safe, with no due regard for the speed of such vehicle and the traffic upon and the condition of the roadway in violation of R.S.Mo § 304.017.

30. That William was within the class of persons intended to be protected by said statutes; William sustained serious and painful injuries that said statutes were designed to prevent; and the violations of said statutes proximately caused the injuries and death to William.

31. That as a direct and proximate result of one or more of the Defendant's negligent actions and or omissions, as particularly set forth above, the Plaintiff and the wrongful death class sustained damages and injuries as described in Paragraphs 16 through 22 of this Petition.

### DEMAND FOR JURY TRIAL

32. The Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendant in a fair and reasonable sum for actual damages, in excess of $25,000, costs incurred and expended herein, and attorney's fees, together with prejudgment and post-judgment interest and other relief as the Court deems just and proper.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

*/s/ Mark E. Parrish*

| | |
|---|---|
| Mark E. Parrish | Mo. Bar No. 40571 |
| Joshua A. Sanders | Mo. Bar No. 64305 |
| Erica Fumagalli | Mo. Bar No. 70069 |

PO Box 1099
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: mparrish@bktplaw.com
E-mail: jsanders@bktplaw.com
E-mail: efumagalli@bktplaw.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed - St Louis County - November 23, 2021 - 09:22 AM